STACEY E. JAMES, Bar No. 185651
LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
Telephone:  619.232.0441
Facsimile:  619.232.4302

MATTHEW E. FARMER, Bar No. 190484
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
Telephone:  559.244.7500
Facsimile:  559.244.7525

Attorneys for Defendant
BLAZIN' WINGS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRIPENSTRAW, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLAZIN' WINGS, INC., d/b/a BLAZIN' WINGS, a Minnesota Corporation; and Does 1 through 50,<br><br>Defendant. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1367, 1441(b), 1446 (DIVERSITY AND SUPPLEMENTAL JURISDICTION)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant BLAZIN' WINGS, INC. ("Blazin' Wings" or "Defendant"), by and through its undersigned counsel, contemporaneously with the filing of this Notice, hereby effects removal of the above-referenced action from the Superior Court in the State of California for the County of Fresno to the United States District Court for the Eastern

///

District of California. This removal is based on 28 U.S.C. §§ 1332, 1367, 1441 and 1446 and, specifically, on the following grounds:

## JURISDICTION AND VENUE

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, and 1446.

3. Pursuant to Eastern District Local Rule 3-120(d), all civil actions and proceedings of every nature and kind cognizable by the United States District Court for the Eastern District of California arising in Fresno County shall be commenced in the United States District Court sitting in Fresno, California.

## STATUS OF THE CASE AND PLEADINGS

4. On October 11, 2011, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Fresno, entitled *James Gripenstraw v. Blazin' Wings, Inc.*, designated as Case No. 11CECG03518 DSB. The Complaint is a putative class action that asserts the following claims for relief: (1) Unfair Competition; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Wages When Due; and (4) Failure to Provide Accurate Itemized Statements. True and correct conformed copies of the Complaint, Summons, Civil Case Cover Sheet, Notice of Case Assignment and Alternate Dispute Resolution forms are attached hereto as Exhibit "A."

5. On November 28, 2011, Blazin' Wings filed and served Defendant's General Denial and Affirmative Defenses. A true and correct conformed copy of Defendant's Denial and Affirmative Defenses is attached hereto as Exhibit "B."

6. On November 28, 2011, Blazin' Wings filed and served its Motion to Stay. True and correct conformed copies of the Notice of Motion to Stay and Memorandum of Points and Authorities in Support of Motion to Stay are attached hereto as Exhibit "C."

LITTLER MENDELSON, P.C.
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1367, 1441(B), 1446

2.

7. On December 27, 2011, Plaintiff filed and served its Memorandum of Points and Authorities in Opposition to Motion to Stay. A true and correct conformed copy of that document is attached hereto as Exhibit "D."

8. On December 28, 2011, the parties submitted to the Fresno County Superior Court the Stipulation and [Proposed] Order for Leave for Plaintiff to File First Amended Complaint ("Stipulation"). Attached to the Stipulation is Plaintiff's proposed First Amended Complaint. The First Amended Complaint alleges the same four causes of action as the Complaint but adds a fifth cause of action for violation of The Private Attorneys General Act ("PAGA"). True and correct copies of the Stipulation and First Amended Complaint submitted to the Fresno Superior Court are attached as Exhibit "E."

9. On January 11, 2012, Blazin' Wings filed and served its Reply in Support of Motion to Stay. A true and correct conformed copy of that document is attached as Exhibit "F."

10. On January 19, 2012, the Fresno Superior Court issued a Minute Order. However, the Minute Order was not served until January 20, 2012 (via the mail) and it was only served upon counsel for Plaintiff in this action. Defendant, for the first time, received actual notice of the Minute Order on February 15, 2012 when it picked up a copy of the order from the Superior Court's file. A true and correct copy of the Minute Order (including the "Clerk's Certificate of Mailing" showing service only upon Plaintiff's counsel) is attached as Exhibit "G." By way of the Minute Order, the Fresno Superior Court stayed the entire action, vacated the case management conference scheduled for February 12, 2012, and set the case for further case status review on August 7, 2012. The Fresno Superior Court in the Minute Order also declared its intention to execute the Stipulation thereby granting Plaintiff leave to file his First Amended Complaint.

11. Other than the documents attached hereto as Exhibits "A-G," Blazin' Wings is unaware of any other documents within the Fresno Superior Court file in this action.

///

///

///

## BASES FOR AMOUNT IN CONTROVERSY EXCEEDING $75,000

12. Because the Fresno Superior Court declared its intention to grant Plaintiff leave to file his First Amended Complaint on January 19, 2012, Blazin' Wings analyzes removal under the First Amended Complaint.

13. Plaintiff's First Amended Complaint is silent as to the total amount of damages claimed; however, the failure of the First Amended Complaint to specify the total amount of damages sought does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) ("The defendant may remove suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy . . . otherwise . . . any Plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim."). Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Although Defendant denies it should be liable for the damages alleged in Plaintiff's First Amended Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) [stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"].) Moreover, in establishing the amount in controversy, defense testimony itemizing the bases for the plaintiff's damages claims is sufficient to establish the jurisdictional minimum. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160-61 (6th Cir. 1993)

14. Notwithstanding Plaintiff's failure to allege the total amount of damages he claims, and as detailed below, the amount in controversy as alleged by Plaintiff in this case exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1367, 1441(B), 1446

4.

A. **Authority Setting Forth Methodology For Calculating Amount In Controversy For PAGA Claims.**

15. This very court (i.e., the United States District Court for the Eastern District of California) on June 2, 2011, addressed removal of cases alleging PAGA violations. *Thomas v. Aetna Health of California, Inc.*, 2011 U.S. Dist. LEXIS 59377 (E.D. Cal. 2011). In *Thomas*, this court held PAGA penalties sought to be collected by a plaintiff on behalf of himself and similarly situated employees can be aggregated for purposes of calculating the amount in controversy. *Thomas, supra*, 2011 U.S. Dist. LEXIS 59377 at 46-58.

16. In *Thomas*, the plaintiff alleged the defendants committed seven different purported wage and hour violations by failing to: (1) pay overtime; (2) provide meal periods; (3) provide rest periods; (4) pay minimum wages; (5) timely pay wages upon termination; (6) timely pay wages during employment; and (7) provide complete and accurate wage statements. *Thomas, supra*, 2011 U.S. Dist. LEXIS 59377 at 62. Using the applicable PAGA period spanning slightly over one year, the employer determined it had 1,626 non-exempt employees in California who were employed at least two pay periods. Within that frame work, the defendants assumed: (1) only one Labor Code violation (i.e., failure to pay overtime); and (2) every employee who worked at least two pay periods suffered the alleged violation in at least two pay periods. Applying the foregoing assumptions, the defendants calculated the first pay period penalties at $162,600.00 (the 1,626 employees noted above multiplied by the initial $100.00 PAGA penalty) and the second pay period penalties at $325,200.00 (again, the 1,626 employees mentioned above multiplied by the $200.00 subsequent PAGA penalty). Adding the foregoing numbers up, the defendants calculated penalties at $487,800.00 (or $121,950.00 net directly into the hands of the employees after penalties paid to the Labor and Workforce Development Agency ("LWDA"). The calculations obviously exceeded the $75,000.00 diversity jurisdictional minimum. *Id.* at 63-64.

17. The instant court held the above methodology was appropriate and "more likely than not" demonstrated an amount in controversy exceeding $75,000.00. *Thomas, supra*, 2011 U.S. Dist. LEXIS 59377 at 64-65. This court explained: "because Defendants' calculations only consider two pay periods out of approximately an entire year, and because the calculations only

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1367, 1441(B), 1446

5.

LITTLER MENDELSON, P.C.
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

consider one type of violation for which PAGA applies, the assumption that every employee suffered at least two violations of a certain type during the relevant time period does not render the calculations impermissibly speculative. It is also reasonable to presume that Defendants' policies with regard to wages and hours of its employees was uniform and thus any violation is likely to apply to the entire group of employees. Further, Plaintiff is essentially requesting PAGA penalties for 100% of the violations—putting all possible provable violations at issue for purposes of the amount in controversy. Finally, requiring Defendants to forecast an exact violation rate would essentially force a removing defendant to prove the plaintiff's case." *Ibid.*

   **B.** **Evidence Establishing It Is More Likely Than Not That Plaintiff Has Stated A PAGA Claim With An Amount In Controversy Exceeding $75,000.00.**

  18. Plaintiff does not allege a specific dollar amount in connection with his PAGA claim. First Amended Complaint, ¶¶ 88-92, Prayer. Plaintiff in his PAGA claim seeks to collect on behalf of himself, and similarly situated employees, penalties for the following alleged violations (which are, for all intents and purposes, almost if not identical to the PAGA violations asserted in *Thomas*): (1) failure to properly record and pay wages; (2) failure to properly record and pay overtime; (3) failure to provide accurate itemized wage statements; (4) failure to timely pay wages; (5) failure to provide rest breaks; and (6) failure to provide meal breaks. *Id.*, ¶ 92. The universe of aggrieved employees under the PAGA claim is limited to October 11, 2010 to the present. *Id.*, ¶ 90.

  19. Using the methodology approved in *Thomas*, Blazin' Wings can establish it is more likely than not that the $75,000.00 amount in controversy is exceeded. From October 11, 2010 through December 19, 2011 (within the alleged statutory period of October 11, 2010 to date), Blazin' Wings had 2,022 employees who worked in the state of California for at least two pay periods. Lunsford Decl., ¶ 4. With that number of employees in mind, and just like in *Thomas*, Blazin' Wings assumes: (1) only one Labor Code violation (i.e., failure to pay overtime); and (2) every employee who worked at least two pay periods suffered the alleged violation in at least two pay periods. Applying those assumptions, Blazin' Wings calculates the first pay period penalties at $202,200.00 (the 2,022 employees noted above multiplied by the initial $100.00 PAGA penalty) and

LITTLER MENDELSON, P.C.
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1367, 1441(B), 1446  6.

the second pay period penalties at $404,400.00 (again, the 2,022 employees mentioned above multiplied by the $200.00 subsequent PAGA penalty). Adding the foregoing numbers up, Blazin' Wings has determined it is more likely than not that the amount in controversy on the PAGA claim is $606,600.00 (or $151,650.00 if penalties paid to the LWDA are to be deducted). The calculations exceed the $75,000.00 diversity jurisdictional minimum.

## DIVERSITY OF CITIZENSHIP

20. As detailed below, complete diversity exists because Plaintiff is a citizen of California while Blazin' Wings is a citizen of Minnesota.

### A. Plaintiff Is A Citizen Of California.

21. Plaintiff avers he resides in Fresno County (which is in the state of California). First Amended Complaint, ¶ 23; *see American Title Insurance Company v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (holding factual assertions in complaints are "judicial admissions conclusively binding on the party who made them"). Thus, there is no dispute that Plaintiff resides in the State of California with the intent to remain there, and is therefore a citizen of that State for purposes of the instant jurisdictional analysis. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### B. Blazin' Wings Is *Not* A Citizen Of California.

22. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff avers Blazin' Wings "is incorporated under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota." First Amended Complaint, ¶ 1. Blazin' Wings does not dispute the foregoing averment and it is a binding judicial admission made by Plaintiff. *American Title, supra*, 861 F.2d at 226. Plaintiff and Blazin' Wings therefore are diverse in citizenship.

### C. Complete Diversity Exists As No Other Parties Have Been Served.

23. Does 1 through 50, inclusive, are wholly fictitious. The First Amended Complaint does not set forth the identity or status of any said fictitious defendants other than generally alleging these purported unascertained defendants are somehow responsible for some or all

LITTLER MENDELSON, P.C.
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1367, 1441(B), 1446

7.

of the alleged misconduct. First Amended Complaint, ¶ 13. The citizenship of these doe defendants is to be disregarded for the purposes of determining diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *accord Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (citing 28 U.S.C. § 1441(a)); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

24.     Defendant is informed and believes that no other party is named or has been served as of the date of this Notice of Removal.

25.     For each and all of the foregoing reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 and 1446 based on diversity jurisdiction.

## **SUPPLEMENTAL JURISDICTION**

26.     The remaining causes of action in the First Amended Complaint (listed by number)-- (1) Unfair Competition; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Wages When Due; and (4) Failure to Provide Accurate Itemized Statements, form part of the same case or controversy as the PAGA claim (fifth cause of action) over which, as established above, this Court has original jurisdiction. Therefore, this Court may exercise supplemental jurisdiction over the first four causes of action pursuant to 28 U.S.C. § 1367(a).

27.     Where state and federal claims derive from a common nucleus of operative facts, a federal court may hear both the state and federal claims. *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Myers v. County of Lake*, 30 F.3d 847, 850 (7th Cir.), cert. denied, 115 S.Ct. 666 (1994)). To have a common nucleus of operative facts, state and federal law claims need not arise from the exact same facts; rather, a loose factual connection is usually sufficient. *Ammerman, supra,* 54 F.3d at 424 (citing 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure Section 3567.1, at 117 (2d ed. 1984)); *see also Sanchez & Daniels v. Koresko,* 503 F.3d 610, 614 (7th Cir. 2007) (finding that a loose factual connection between claims is generally sufficient for the exercise of supplemental jurisdiction); *Posey v. Calvert County Bd. of Educ.*, 262 F.Supp.2d 598, 600 (D.C. Md. 2003) (finding that exercise of supplemental jurisdiction was proper

LITTLER MENDELSON, P.C.
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1367, 1441(B), 1446

8.

because the plaintiff's state law claims bore a reasonable relationship to the plaintiff's Title VII claims).

28.  Instructive on the wage and hour front is *Lindsay v. Government Employees Insurance Company,* 448 F.3d 416 (D.C. Cir. 2006). In *Lindsay*, at issue was potential supplemental jurisdiction over state wage and hour claims. The Court recognized that putative employee classes under both the state and federal claims "performed the same type of work for the same employer and were deprived of overtime compensation as a result of the same action taken by their employer. It is clear to us that the two claims 'derive from a common nucleus of operative fact' and thus form part of the same Article III case or controversy." *Lindsay, supra,* 448 F.3d at 424. In making that determination, the Court was cognizant of authority that holds if the facts necessary to prove a violation of a state claim are practically the same as those needed to prove a violation of a federal claim, "the common nucleus of operative facts is obvious." *Ibid.* (citing and quoting approvingly *Lyon v. Whisman,* 45 F.3d 758, 761 (3d Cir. 1995); *Pueblo Int'l, Inc. v. De Cardona,* 725 F.2d 823, 826 (1st Cir. 1984).)

29.  Here, the same exact evidence will be needed to address both the PAGA claim (the federal jurisdiction cause of action) and the first four causes of action. At issue in all claims are current and former non-exempt employees in California. The first cause of action for unfair competition, on behalf of current and former non-exempt employees in California, claims violations of Labor Code sections 201, 202, 204, 226, 226.7, 510, 512, 1194 and 1198 (alleging violations of those sections were unfair business practices). First Amended Complaint, ¶ 50. Still seeking relief on behalf of current and former non-exempt employees in California, the following Labor Code sections are cited as being violated under the remaining causes of action: (a) second cause of action for failure to pay overtime- Labor Code sections 204, 510, 1194, 1198 (*see id.,* page 27, caption for Second Cause of Action); (b) third cause of action for failure to pay wages when due- Labor Code sections 201, 202, 203 (*see id.,* page 31, caption for Third Cause of Action); (c) fourth cause of action for failure to provide accurate itemized statements- Labor Code section 226 (*see id.,* page 32, caption for Fourth Cause of Action). The PAGA claim asserts identical violations of those exact same Labor Code sections referenced above (i.e., 201, 202, 203, 204, 226, 226.7, 510, 512, 1194,

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF
ACTION UNDER 28 U.S.C. SECTIONS 1332, 1367,
1441(B), 1446

9.

1198). First Amended Complaint, ¶ 92. All told, both the PAGA claim (the federal jurisdiction cause of action) and the remaining causes of action allege violations of the exact same Labor Code sections by the exact same employees against the exact same employer.

30.   Regardless of the claim or label, it is clear Plaintiff on behalf of himself and similarly situated employees seeks relief and penalties for these purported violations: (1) failure to properly record and pay wages; (2) failure to properly record and pay overtime; (3) failure to provide accurate itemized wage statements; (4) failure to timely pay wages; (5) failure to provide rest breaks; and (6) failure to provide meal breaks. Inasmuch as the same evidence will be needed for all five causes of action, the first four causes of action have a common nucleus of operative facts and are the type of claims that one would expect to be tried at the same proceeding with the PAGA claim. Pursuant to 28 U.S.C. § 1367, exercise of supplemental jurisdiction over Plaintiff's state law claims is proper.

## TIMELINESS OF REMOVAL

31.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because Defendant filed this Notice within thirty days after effective service of the pleadings, from which it could first determine that this action was removable, and less than one year after commencement of this action as required under 28 U.S.C. § 1446(b).

32.   Blazin' Wings seeks federal jurisdiction upon diversity by way of the fifth cause of action (the PAGA claim). The PAGA claim was only first added to this case by way of the First Amended Complaint. It was not until January 19, 2012 that the Court first declared its intent to grant Plaintiff leave to file his First Amended Complaint. *See* Exh. "G." However, the subject Minute Order was not served until January 20, 2012 and it was only served upon Plaintiff's counsel. Defendant only first received actual notice of the Minute Order by picking up a copy from the Superior Court's file on February 15, 2012. Inasmuch as there never was mail service of the Minute Order on Defendant, the "effective service" date is February 15, 2012 (i.e., the date a copy was secured by Defendant). However, even if the earliest of the three dates were used (January 19, 2012), Defendant has filed the instant request within thirty days after January 19, 2012.

///

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1367, 1441(B), 1446

10.

33. Leave to amend was required for Plaintiff to file the First Amended Complaint because it was made after Blazin' Wings answered the Complaint. Calif. Code Civ. Proc., § 472. If a court order is required for leave to amend a complaint **AND** it is the amended complaint that grants federal jurisdiction, the clock to request removal only begins to run thirty days from the date the court grants the request for leave. *See, e.g., Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998); *B&B Enterprises v. The City of Lebanon*, 422 F.Supp.2d 903, 905 (M.D. TN 2006); *Crump v. Wal-Mart Group Health Plan*, 925 F.Supp. 1214, 1218 (W.D. KY 1996). "Thus, under the majority view, the mere filing of the motion to amend when there is no ability to amend as a matter of right does not make an otherwise unremovable case removable." *B&B Enterprises, supra*, 422 F.Supp.2d at 905 (citation and quotes omitted). The majority view was just last March adopted approvingly by the instant Court. *Lion Raisins, Inc. v. Fanucchi*, 788 F.Supp.2d 1167, 1173 (E.D. Cal. 2011). Based on the foregoing, and even if one were to use the earliest of the three dates noted above (January 19, 2012), because Blazin' Wings has filed this Notice of Removal within thirty days of leave to amend being granted by the Fresno Superior Court as declared in its January 19, 2012 Minute Order, and because it is the First Amended Complaint that triggered federal jurisdiction by way of the added PAGA claim, the removal request is timely made.

34. A true and correct copy of the Declaration of Megan Lunsford in Support of Notice to Federal Court of Removal of Action Under 28 U.S.C. Sections 1332, 1367, 1441(b), 1446 (Diversity and Supplemental Jurisdiction) is attached hereto as Exhibit "H".

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## NOTICE TO THE COURT AND PARTIES

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal (together with the supporting declaration of Megan Lunsford) will be filed with the Clerk of the Superior Court for the State of California for Fresno County. A true and correct copy of the Notice to State Court of Removal is attached hereto as Exhibit "I". A true and correct copy of the Notice to Plaintiff is attached hereto as Exhibit "J".

Dated: February 17, 2012

By: /s/ Matthew E. Farmer
MATTHEW E. FARMER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
BLAZIN' WINGS, INC.

Firmwide:109234185.1 061451.1059