BLUMENTHAL, NORDREHAUG & BHOWMIK
NORMAN B. BLUMENTHAL, Bar No. 068687
KYLE R. NORDREHAUG, Bar No. 205975
APARAJIT BHOWMIK, Bar No. 248066
2255 Calle Clara
La Jolla, California 92037
Telephone: 858.551.1223
Facsimile: 858.551.1232

Attorneys for Plaintiff
JAMES GRIPENSTRAW

STACEY E. JAMES, Bar No. 185651
MATTHEW E. FARMER, Bar No. 190484
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendant
BLAZIN' WINGS, INC.

MATTHEW E. FARMER, Bar No. 190484
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, California 93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525

Attorneys for Defendant
BLAZIN' WINGS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRIPENSTRAW, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLAZIN' WINGS, INC., d/b/a BLAZIN' WINGS, a Minnesota Corporation; and Does 1 through 50,<br><br>Defendant. | Case No. 1:12-CV-00233-AWI-SMS<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>Date: May 15, 2012<br>Time: 9:30 a.m.<br>Courtroom: 1<br><br>[PLAINTIFF'S COUNSEL TO APPEAR TELEPHONICALLY] |

Joint Scheduling Conference Report
(No. 1:12-CV-00233-AWI-SMS )

Plaintiff JAMES GRIPENSTRAW, an individual, on behalf of himself and on behalf of all persons similarly situated ("Plaintiff") and Defendant BLAZIN' WINGS, INC. ("Defendant"), through their respective counsel, submit the following Joint Scheduling Report pursuant to Federal Rules of Civil Procedure, Rule 26(f) and the Court's Order Setting Mandatory Scheduling Conference Requiring the Parties to Confer Pursuant to F.R. Civ. P. 26(f). Defendant agrees that Counsel for Plaintiff, Blumenthal, Nordrehaug & Bhowmik, may appear telephonically. Counsel for Defendant, Littler Mendelson, will appear in person.

## I.    SUMMARY OF THE FACTUAL AND LEGAL CONTENTIONS

The operative First Amended Complaint asserts causes of action for 1. Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200, et seq.; 2. Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510, et seq.; 3. Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201, 202 and 203; 4. Failure to Provide Accurate Itemized Statements in Violation of Cal. Lab. Code § 226; and, 5. Violation of the Private Attorneys General Act [Labor Code §§ 2698 et seq.] (the "PAGA"). Plaintiff contends that class certification is appropriate for causes of action 1 through 4. Plaintiff brings these class claims on behalf of a class of all individuals who are or previously were employed by Defendant as non-exempt employees paid in whole or in part on an hourly basis in California at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "California Class").

Plaintiff brings the fifth PAGA cause of action on behalf of the State of California with respect to himself and all other individuals who are or previously were employed by Defendant as non-exempt employees paid in whole or in part on an hourly basis in California during the applicable statutory period of October 11, 2010 to the present (the "Aggrieved Employees").

Plaintiff contends that Defendant failed to properly calculate the overtime wages paid to these employees. The alleged miscalculations included (1) the regular rate miscalculations resulting from the failure to include bonuses; and, (2) regular rate miscalculations resulting from failure to pay double-time. Plaintiff also asserts that Defendant violated Labor Code section 226 by

/ / /

Littler Mendelson, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Joint Scheduling Conference Report
(No. 1:12-CV-00233-AWI-SMS )        1.

failing to properly state the applicable overtime rate of pay on the wage statements issued by Defendant.

The First Amended Complaint also includes a meal period violation as one of several predicate legal violations alleged in the unfair competition cause of action. Additionally, the First Amended Complaint asserts claims for statutory and civil penalties based upon the afore-mentioned allegations.

The present case began in state court and was removed to federal court on February 17, 2012. Prior to the action being removed to federal court, the state court in its January 19, 2012 Law and Motion Minute Order stayed the entire action pending the outcome of two currently pending California Supreme Court cases: *Brinker v. Superior Court* (S166350) and *Brinkley v. Public Storage, Inc.* (S168806). The state court issued the stay through August 7, 2012 at which time it was to assess further applicability of the stay. Accordingly, even though the action was subsequently removed to federal court, the entire action remains stayed. "When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (citation and internal quotes omitted); *see also* 28 USC § 1450 (upon removal, "[a]ll ... orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.")  Defendant therefore contends no discovery or other action can be taken in the case unless and until the stay is dissolved or modified by the present court. Given the pendency of the California Supreme Court's rulings in *Brinker* and *Brinkley*, Plaintiff will not oppose the continuance of the stay.

Because of the stay, the case is not at issue. In particular, Defendant has yet to file a responsive pleading to the First Amended Complaint. The January 19, 2012 Law and Motion Minute Order issued by the state court denoted the time to file a responsive pleading would be after the stay is lifted. Accordingly, for example, Defendant has not yet been able to even place at issue applicable affirmative defenses to the First Amended Complaint.

Turning to the substance of the case, Defendant denies class certification is appropriate and further denies any and all allegations in Plaintiff's First Amended Complaint

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Joint Scheduling Conference Report
(No. 1:12-CV-00233-AWI-SMS )      2.

relating to Plaintiff's claims that Defendant engaged in acts or omissions in violation of the California Labor Code, violated California unfair competition laws, or engaged in any other type of purported wrongdoing. Defendant also denies that Plaintiff, any other putative class member or any other person allegedly represented by way of this action, is entitled to any type of relief including, without limitation, unpaid compensation, wages and interest thereon, damages, statutory penalties, and penalties under PAGA. Defendant denies that Plaintiff is entitled to recover attorneys' fees and costs.

Defendant wishes to consent to full magistrate jurisdiction. Plaintiff however has expressed a declination of consent.

## II. PROPOSED AMENDMENT TO THE PLEADINGS

Prior to removal, the parties submitted to the state court a stipulation for Plaintiff to file and serve a First Amended Complaint. The state court signified its intent to grant leave to file and serve the first amended complaint in its January 19, 2012 Law and Motion Minute Order. As detailed in the preceding section, and because of the stay, Defendant has not yet responded to the First Amended Complaint.

## III. SUMMARY OF UNCONTESTED AND CONTESTED FACTS

### A. Uncontested Facts.

1. Plaintiff is a resident of the Eastern District of California.
2. Plaintiff was employed by Defendant. Discovery will ascertain the time periods during which Plaintiff was employed by Defendant.
3. Defendant is a Minnesota corporation licensed to do and doing business in the Fresno Division of the Eastern District of the State of California.

### B. Contested Facts.

With the exception of those uncontested facts set forth above:

1. All material facts asserted in Plaintiff's First Amended Complaint.
2. Whether class certification is appropriate.
3. Whether Defendant engaged in unfair competition in violation of California Business and Professions Code section 17200, *et seq.*

LITTLER MENDELSON, P.C
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Joint Scheduling Conference Report
(No. 1:12-CV-00233-AWI-SMS )     3.

4. Whether Defendant failed to provide meal and rest periods, or compensation in lieu thereof, in violation of California Labor Code sections 226.7(a) and 512(a).

5. Whether Defendant failed to pay overtime wages in violation of California Labor Code section 510, *et seq.*

6. Whether Defendant failed to provide wages when due in violation of California Labor Code sections 201, 202 and 203.

7. Whether Defendant failed to provide accurate itemized wage statements in violation of California Labor Code section 226 *et seq.*

8. Whether Defendant violated the Private Attorneys General Act.

9. Whether Defendant's conduct was willful or reckless under California Labor Code section 203.

10. Whether Plaintiff and other putative class members were treated fairly and in good faith, and that all actions taken with regard to Plaintiff and the other putative class members were taken for lawful business reasons and in good faith.

11. Whether Defendant had a good faith and reasonable belief that their wage payment practices complied with federal and state law.

12. Assuming, *arguendo*, Plaintiff and/or putative class members are entitled to any overtime or other unpaid wages, whether Defendant is entitled to an offset for any award.

13. Whether Plaintiff and other putative class members are not entitled to equitable relief insofar as they have an adequate remedy at law.

14. Whether any damages, restitution, monetary penalties, or PAGA penalties resulted from Defendant's alleged violations of California law.

15. Whether Defendant's affirmative defenses bar the claims of Plaintiff and other putative class members or limit their recovery, if any, of damages, restitution, monetary penalties, or PAGA penalties.

LITTLER MENDELSON, P.C
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Joint Scheduling Conference Report
(No. 1:12-CV-00233-AWI-SMS )   4.

IV. **SUMMARY OF LEGAL ISSUES AS TO WHICH THERE IS NO DISPUTE AND SUMMARY OF DISPUTED LEGAL ISSUES**

    A. **Undisputed Legal Issues.**

        1. Jurisdiction and venue are proper.

        2. The substantive law of the State of California provides the rule of decision.

        3. The entire action is presently stayed pursuant to the state court's January 19, 2012 Law and Motion Minute Order.

    B. **Disputed Legal Issues.**

        1. All legal issues raised in the above noted "Contested Facts" section.

V. **STATUS OF ALL MATTERS PRESENTLY SET BEFORE THE COURT**

The entire action is presently stayed pursuant to the state court's January 19, 2012 Law and Motion Minute Order. "When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (citation and internal quotes omitted); *see also* 28 USC § 1450 (upon removal, "[a]ll ... orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.") The only matter pending is the mandatory scheduling conference set for May 15, 2012.

VI. **DISCOVERY PLAN**

The parties have met and conferred as required by the Federal Rules of Civil Procedure, Rule 26(f). From that meeting, the parties set forth the following positions regarding discovery.

With the stay in place, Defendant contends that no discovery, including initial disclosures, can yet take place in this case. The parties anticipate the outcomes in the currently pending California Supreme Court cases of *Brinker v. Superior Court* (S166350) and *Brinkley v. Public Storage, Inc.* (S168806) (which were the reasons for the stay) will materially impact the course and scope of discovery in this case. Because of the uncertainty created by the foregoing

///

pending California Supreme Court cases as related to the instant case, Defendant contends that the parties are not yet able to provide an outline of the subjects on which discovery may be needed.

While Plaintiff does not oppose maintaining the current stay as to discovery, regardless of the outcome of *Brinker* and *Brinkley*, Plaintiff will request Plaintiff's wage statements, time records, and personnel file. Plaintiff will also serve written discovery requests regarding Defendant's wage and hour policies. With regard to deposition discovery, Plaintiff intends to depose any witnesses disclosed in Defendant's initial disclosures as well as a 30(b)(6) corporate designee regarding Defendant's wage and hour policies. Plaintiff will also request the contact information of the members of the California Class for purposes of conducting interviews and/or surveys regarding how Defendant's wage and hour policies affected these employees.

Notwithstanding the foregoing, the parties agree that creation of a discovery plan is also premature considering the First Amended Complaint is not yet at issue. Because of the stay, Defendant has not yet filed a responsive pleading to the First Amended Complaint and, as detailed above, the due date of the first responsive pleading is not yet known (it is to be set sometime after the stay is lifted). Defendant's responsive pleading will bring into better focus pertinent cases issues for purposes of formulating a discovery plan.

Once the stay is lifted, the parties will then be in position to better assess discovery needs. The parties thus propose that after the stay is lifted, they meet and confer again to: (1) discuss and arrange for the required initial disclosures; and (2) further plan and prepare a discovery plan. After that meeting following the lifting of the stay, the parties further propose that the plan be submitted to the Court at that time. The parties believe a further conference with the Court would thereafter be appropriate.

Based on what is known at this time, once the stay is lifted, Defendant contends that discovery should be conducted in two phases. The first phase will involve discovery related to class certification. The second phase, which will occur after the Court's ruling on any motion or motions relating to class certification, will involve discovery related to the merits of Plaintiff's claims.

Plaintiff objects to Defendant's proposal to conduct discovery in phases. Discovery regarding class issues are inextricably intertwined with discovery required to address the merits of

the class claims asserted here. Any artificial distinction between the two would only lead to unnecessary discovery disputes. Plaintiff respectfully submits that this issue should be the subject of briefing by both parties before any bifurcation order is issued by the Court. While Plaintiff has not agreed to conduct discovery in phases, Plaintiff has agreed to avoid pre-certification discovery aimed solely at the issue of absent putative class members' damages.

## VII.  DATES AGREED TO BY COUNSEL

Given the stay, the parties propose a subsequent conference with the Court be scheduled sometime in or after August of 2012. Outside of that, the parties are not yet able to agree on any case dates. The parties submit that the issue of class certification is in dispute. Accordingly, the parties respectfully submit that because the scope of discovery required for trial is dependent upon the Court's ruling on Plaintiff's motion for class certification., it is premature at this time (especially too in light of the stay) to submit a proposed pre-trial schedule.

## VIII.  SETTLEMENT DISCUSSIONS

With the stay in place, the parties have taken that opportunity to explore, at a minimum, possible partial resolution of the case. The parties are in the midst of discussions and are also considering participating in a voluntary early mediation before a third party neutral. Both parties are engaged in the discussions in good faith but, at this time, have no clear picture as to where such discussions might lead. The parties are open to a settlement conference but feel such should not be scheduled unless and until non-judicial settlement efforts are exhausted.

## IX.  STATEMENT AS TO WHETHER THE CASE IS A JURY OR NON-JURY CASE

Plaintiff's First Amended Complaint demands a jury trial. Defendant submits that it is premature at this stage to determine whether the case is a jury or non-jury case.

## X.  ESTIMATE OF THE NUMBER OF TRIAL DAYS REQUIRED

The parties are presently unable to estimate the number of trial days required. Whether this action proceeds as an individual suit or a class action in some form will materially impact the length of trial. Once discovery is completed and class certification is granted or denied, the parties will have a better idea as to the anticipated length of trial.

LITTLER MENDELSON, P.C
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Joint Scheduling Conference Report
(No. 1:12-CV-00233-AWI-SMS )

7.

## XI. BIFURCATION OF TRIAL OR OTHER SUGGESTIONS FOR SHORTENING TRIAL

The parties respectfully submit that bifurcation and other suggestions for shortening trial are premature prior to the California Supreme Court's rulings in *Brinker* and *Brinkley* and the Court's ruling on motions concerning class certification.

## XII. RELATED MATTERS

The parties are presently unaware of any related cases pending before any other court.

Dated: April 11, 2012

By: /s/
APARAJIT BHOWMIK
BLUMENTHAL, NORDREHAUG & BHOWMIK
Attorneys for Plaintiff
JAMES GRIPENSTRAW

Dated: April 11, 2012

By: /s/
MATTHEW E. FARMER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
BLAZIN' WINGS, INC.

Firmwide:110363412.1 061451.1059

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Joint Scheduling Conference Report
(No. 1:12-CV-00233-AWI-SMS )    8.