1  BLUMENTHAL, NORDREHAUG & BHOWMIK
2  NORMAN B. BLUMENTHAL, Bar No. 068687
3  KYLE R. NORDREHAUG, Bar No. 205975
   APARAJIT BHOWMIK, Bar No. 248066
4  2255 Calle Clara
   La Jolla, California  92037
5  Telephone:  858.551.1223
   Facsimile:   858.551.1232
6  Attorneys for Plaintiff
   JAMES GRIPENSTRAW
7
   STACEY E. JAMES, Bar No. 185651
8  MATTHEW E. FARMER, Bar No. 190484
   LITTLER MENDELSON, P.C.
9  501 W. Broadway, Suite 900
   San Diego, California  92101.3577
10 Telephone:  619.232.0441
   Facsimile:   619.232.4302
11 Attorneys for Defendant
   BLAZIN' WINGS, INC.
12
   MATTHEW E. FARMER, Bar No. 190484
13 LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
14 Fresno, California  93704.2225
   Telephone:  559.244.7500
15 Facsimile:   559.244.7525
   Attorneys for Defendant
16 BLAZIN' WINGS, INC.

17                    UNITED STATES DISTRICT COURT

18                    EASTERN DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| 20  JAMES GRIPENSTRAW, an individual, on behalf of himself and on behalf of all persons similarly situated, | Case No.  1:12-CV-00233-AWI-SMS |
| 21 | **STIPULATION REGARDING CASE MEDIATION** |
| 22         Plaintiff, | |
| 23  v. | **ORDER STAYING ACTION THROUGH 12/31/12** |
| 24  BLAZIN' WINGS, INC., d/b/a BLAZIN' WINGS, a Minnesota Corporation; and Does 1 through 50, | **ORDER CONTINUING TELEPHONIC SCHEDULING CONFERENCE** |
| 25 | |
| 26         Defendant. | |
| 27 | |

28

Plaintiff JAMES GRIPENSTRAW ("Plaintiff") and Defendant BLAZIN' WINGS, INC. ("Defendant") (Plaintiff and Defendant collectively "Parties" or "Party" in the singular), by and through their respective counsel, hereby submit this Stipulation Regarding Materials and Information Provided for Purposes of Mediation. The Parties respectfully request the Court to enter an Order approving their Stipulation on the following grounds:

Whereas, the Parties have met and conferred and agreed on a private mediator, Mark Rudy and

Whereas, the parties have scheduled a mediation session on December 6, 2012;

**IT IS SO STIPULATED AND AGREED AS FOLLOWS:**

**1.     Purposes**

The purposes of this Stipulation are:

**A.**     To protect the interests of all Parties during the pendency of negotiations and mediation concerning disputes relative to Plaintiff's claims, asserted individually, representatively, and on behalf of a putative class, in the above captioned action ("Litigation"); and

**B.**     To facilitate the resolution of the Litigation through good faith negotiations concerning the disputed claims with the express objective of seeking a final settlement.

**2.     No Admission Of Liability.**

The Parties expressly recognize and agree that entering into this Stipulation and undertaking discussions and mediation does not in any way constitute an admission of liability or any wrongdoing by any Party, and that all discussions and negotiations pursuant to this Stipulation will constitute conduct and statements made in an effort to compromise claims within the meaning of the Federal Rules of Evidence, Rule 408, and/or any similar state rule of evidence, and shall be inadmissible.

### 3. **Confidentiality Of Information To Be Exchanged**

When used in this Stipulation, the words "documents" and "information" shall have the broadest meanings possible and shall include, without limitation, all originals written, recorded or graphic matters and all copies thereof, as well as all electronic data, and all statements whether oral or written.

The Parties acknowledge that the following information shall be available for use during the mediation process:

**A.** During the mediation process, the Parties may exchange information in a variety of forms, including but not limited to: (1) verbal, written and electronic communications; (2) production of documents; (3) interviews and/or depositions; (4) production of electronic databases; and (5) offers, promises, conduct and statements. Any exchange of information between the Parties during the mediation process, in any form, shall be subject to the terms of this Stipulation.

**B.** The Parties agree that the entire mediation process, including any information or documents not otherwise discoverable and exchanged between the Parties and/or the mediator for the mediation ("Mediation Materials"), constitutes settlement discussions and shall remain confidential. All Mediation Materials are privileged, exchanged for purposes of settlement and compromise only, provided without prejudice to any Party's legal and/or factual position, and are inadmissible for any purpose in this or any other legal proceeding, including but not limited to impeachment, under Rule 408 of the Federal Rules of Evidence and/or any applicable federal or state statute, rule or common law provisions. The Parties specifically agree not to offer or reference Mediation Materials for any purpose whatsoever, including, but not limited to, proving bias or prejudice of a witness, negating a contention of undue delay, or for purposes of any investigation or the prosecution of any case. All tangible Mediation Materials shall be marked "Confidential: Exchanged for Settlement Purposes Only."

/ /

    **C.** Mediation Materials will not be disclosed to any third parties except as required by a court of competent jurisdiction or other legal process, provided that such information may be disclosed to the Parties and their representatives, and their counsel of record (including the lawyers, legal assistants, consulting and/or testifying experts, other third parties, and secretarial and clerical personnel who are employed by the Parties or by counsel's law firms and who are engaged in assisting them in this litigation in this action), all of whom shall be advised of and shall agree in advance of receiving any such Mediation Materials to be personally bound by this Stipulation.  To the extent the Parties retain any experts or consultants who participate in mediation or whose work product is disclosed in mediation, their identity and work product will constitute Mediation Materials, and each such expert or consultant will be advised of any provisions of this Stipulation and will agree to maintain the confidentiality of any such information.  Notes and any other materials generated during the mediation by the mediator, the Parties, their experts, or otherwise created in connection with the mediation also shall be deemed Mediation Materials and shall not be subpoenaed by any Party or subject to discovery by the Parties.  Mediation Materials shall be stored and maintained in such a manner that only the individuals identified above who are permitted to review the information may have access to it.

    **D.** The Parties may not, in the course of litigation (including discovery), make any reference to the exchange of Mediation Materials or the Mediation Materials themselves.  All statements by the Parties, their counsel, or the Mediator relating to the mediation, and any documents created exclusively for or during these proceedings, are inadmissible and not discoverable for any purpose, in any pending or subsequent judicial, quasi-judicial, arbitration, or any other proceeding, except to enforce the terms of any written settlement agreement signed by the Parties or their counsel or to request the stay or provide routine status updates or mediation results to the Court.

/ /

### 4. Return Of Mediation Materials

**A.** At the completion of mediation, whether successful or unsuccessful, the Parties agree that all tangible Mediation Materials (documents, electronic data of any kind and all other tangible things), together with any copies made of same, will promptly be returned to counsel for the producing Party, although the Parties may jointly agree in writing to extend the deadline for return during the course of any continued settlement discussions up to and including any order granting final approval to a class settlement.

**B.** This Stipulation shall not prejudice the ability of any Party to later seek any Mediation Materials through the normal course of discovery. Further, the Parties to this Stipulation reserve the right to make all appropriate objections to discovery requests that seek Mediation Materials including the right to seek a protective order to prevent or limit their disclosure.

**C.** The Court's Order on this Stipulation shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings herein to provide the Court with ancillary jurisdiction to enforce its terms.

**D.** The recipients of Mediation Materials have the responsibility, through counsel, to advise each other of any losses or compromises of the confidentiality of information or documents governed by this Stipulation. Each designating Party has the responsibility of notifying the other Party if any Mediation Materials are subsequently no longer maintained in a confidential manner or they are disclosed or used in a manner which no longer preserves their confidentiality, or if the designating Party no longer considers the materials to be confidential. Nothing herein shall be construed to limit in any way the Parties' use or disclosure of their own lawfully and properly obtained documents, materials, or information designated as Mediation Materials.

//

### 5. Continuing Stay Of Action And Continuance Of Case Management Conference

**A.** This entire action is presently stayed through August 23, 2012. In order to focus their efforts upon mediation and possible early case resolution, the Parties wish to extend the stay through December 31, 2012.

**B.** In addition, and also in an effort to focus upon mediation and potential case settlement, the Parties wish to continue the due date for the Joint Status Conference Report (presently due August 15, 2012) and the date of the next case status conference (presently set for August 22, 2012). The Parties wish to continue both of the foregoing dates to times convenient with the Court that are at least a month after a lifting of the continued last day of the stay.

Dated: August 15, 2012

By: */s/ Aparajit Bhowmik*
APARAJIT BHOWMIK
BLUMENTHAL, NORDREHAUG & BHOWMIK
Attorneys for Plaintiff
JAMES GRIPENSTRAW

Dated: August 15, 2012

By: */s/ Matthew E. Farmer*
MATTHEW E. FARMER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
BLAZIN' WINGS, INC.

//////
/////
////
///
//
/

## **ORDER**

Based on the foregoing stipulation of the Parties, IT IS HEREBY ORDERED as follows:

1. Mediation and settlement discussions between the Parties shall proceed upon the terms and conditions outlined above.

2. The entire action is STAYED to and through December 31, 2012.

3. The Telephonic Scheduling Conference is CONTINUED from August 22, 2012 at 10:00 a.m. before Judge Snyder (Doc. 7) to January 30, 2013 at 10:00 a.m. before Judge Snyder, via a single conference call to chambers at (559) 499-5690, to be initiated by Plaintiff's counsel.

4. If the case is resolved prior to thereto, a *Stipulation & Proposed Order for Dismissal* shall be e-filed and e-mailed to awiorders@caed.uscourts.gov for consideration and/or approval. Otherwise, an Amended Joint Scheduling Report (Doc. 6) shall be e-filed by January 23, 2013.

IT IS SO ORDERED.

Dated: **August 17, 2012**          **/s/ Sandra M. Snyder**
                                     UNITED STATES MAGISTRATE JUDGE