1
2
3
4
5
6
7
8
9
10
11
12

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRIPENSTRAW, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLAZIN' WINGS, INC., d/b/a BLAZIN' WINGS, a Minnesota Corporation; and Does 1 through 50,<br><br>Defendant. | Case No.  1:12-CV-00233-AWI-SMS<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(Docs. 33-34) |

This matter having come before the Court on May 19, 2014 for Final Approval Hearing on the parties' Joint Stipulation of Class Action Settlement and Release (the "Settlement Agreement" or the "Settlement") between Plaintiff James Gripenstraw ("Plaintiff") and Defendant Blazin' Wings, Inc. ("Defendant"), due and adequate notice

having been given to putative members of the Class as required by the Court's Order Granting Preliminary Approval of Class Action Settlement dated July 8, 2013 ("Preliminary Approval Order") [Doc. No. 28], and the Court having considered all the papers filed and proceedings herein, having received no objections to the Settlement, having determined that the proposed Settlement is fair, adequate and reasonable, and otherwise being fully informed, good cause appearing therefore, it is hereby **ORDERED AS FOLLOWS:**

1. All terms used herein and not otherwise defined shall have the same meaning as given in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this proceeding and over all parties to this proceeding, including all Class Members.

3. The Court hereby certifies the following Class for purposes of this settlement only:

> Any individual who is included in either or both of the following categories, between the date of October 11, 2007 through March 31, 2013:
>
> (i) **Group A Class Members**: All persons who were employed by Defendant as non-exempt employees in California at any time between October 11, 2007 and March 31, 2013, regardless of whether they have been separated or are still employed as of March 31, 2013; and,
>
> (ii) **Group B Class Members**: All persons who were employed by Defendant as non-exempt employees in California between October 11, 2007 and March 31, 2013, regardless of whether they have been separated or are still employed as of March 31, 2013, and who were underpaid double-time earning during this period.

4. Distribution of the Notice and Claim Form to the Class Members as set forth in the Settlement Agreement and confirmed in the Claims Administrator's declaration, has been completed in conformity with the Preliminary Approval Order – including individual notice to all Class Members who could be identified through reasonable effort – and constitutes the best notice practicable under the circumstances. The Court hereby finds that the Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the material terms of the Settlement. The Court also finds that the Notice provided adequate and appropriate notice to all

1 persons entitled to such notice, and therefore fully satisfied the requirements of due process. All Class Members who have not opted out and all Released Claims are covered by and included within the Settlement and within this Final Approval Order.

5. The Court hereby finds the Settlement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23. The proposed settlement is the product of extensive and costly investigation by both parties, and that settlement at this time provides substantial benefit to the class as it avoids additional substantial costs and delay and risk presented by further prosecution of this action.

6. Upon review of the record, particularly the declaration of the Claims Administrator and the Motion for Final Approval, the Court hereby finds that the Settlement is, in all respects, fair, adequate and reasonable, and therefore approves the Settlement. The Court has come to this determination pursuant to the factors outlined in cases such as *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998), including but not limited to consideration of: the state of the law governing the issues in this case and the Plaintiff's likelihood of success; the amount of the settlement; the sophistication of, and level of information available to, Class Counsel; the level of participation among Class Members; and the lack of objectors, among other factors.

7. The Court directs the parties to effectuate the settlement terms as set forth in the Settlement Agreement. The Court also directs the Claims Administrator to calculate and pay the claims of all Class Members who filed timely claims in accordance with the terms set forth in the Settlement Agreement.

8. Any Class Member who filed or files an untimely Claim Form – and who did not timely opt out – will not receive a Class Member Payment but will be bound by the Settlement, pursuant to Paragraph 13 of this Order.

9. The Court hereby confirms Norman Blumenthal and Kyle Nordrehaug, of Blumenthal, Nordrehaug & Bhowmik, as Class Counsel.

10.     Pursuant to the terms of the Settlement Agreement, and the authorities, evidence, and argument set forth in Class Counsels' application, an award of attorneys' fees in the aggregate amount of one hundred thousand dollars and no cents ($100,000.00) – equivalent to 25% of the total Gross Fund Value – and for costs and litigation expenses in the amount of fifteen thousand dollars and no cents ($15,000.00) as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby granted.  A payment to the Claims Administrator in the aggregate amount of forty thousand dollars and no cents ($40,000.00) is similarly granted. These payments to Class Counsel and the Claims Administrator shall only be made in accordance with the terms set forth in the Settlement Agreement.

11.     The Court also hereby approves named Plaintiff James Gripenstraw as the Class Representative and approves payment of the Class Representative Service Award to the Plaintiff in the amount of seven thousand five hundred dollars ($7,500) for his service and the risks undertaken as the Class Representative and for his execution of a general release of all claims.  The Class Representative Service Award shall only be paid in accordance with the terms set forth in the Settlement Agreement.

12.     The Court also hereby approves the settlement of the California Labor Code § 2699 claims alleged in the Lawsuit and the allocation of fifteen thousand dollars and no cents ($15,000.00) to settle these claims, pursuant to California Labor Code § 2699(l).  Of that amount, and in accordance with California Labor Code § 2699(i), 75%, or eleven thousand two hundred fifty dollars and no cents ($11,250.00) shall be paid to the State of California LWDA in accordance with the terms set forth in the Settlement Agreement. The remaining 25%, or three thousand seven hundred fifty dollars and no cents ($3,750.00) shall be distributed to Authorized Claimants as part of the net Fund Value in accordance with the terms set forth in the Settlement Agreement.  These payments shall only be made in accordance with the terms set forth in the Settlement Agreement.

13.     As of the Effective Date as defined in the Settlement, each and every Released Claim of each Settlement Class Member is and shall be deemed to be

4

conclusively released as against the Released Parties (as defined in the Settlement Agreement) for the entirety of the Class Period.  Except as such rights or claims that may be created by the settlement, as of the Effective Date, all Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

14.    Neither the Settlement nor any of the terms set forth in the Settlement Agreement constitute an admission by Defendant of any liability whatsoever to the Plaintiff or any Class Member, nor does this Final Approval Order constitute a finding by the Court of the validity of any of the claims alleged by Plaintiff in the Litigation, or of any liability of Defendant or any of the other Released Parties.  This Order, the Settlement Agreement, any action taken to carry out the Settlement, any document referenced to herein or filed in connection herewith, and the exhibits thereto, and any negotiations or proceedings related thereto:  (i) shall not be construed as, or deemed to be evidence of, or an admission or concession with regard to the denials or defenses by Defendant; and (ii) shall not be offered in evidence in any action or proceeding against the Parties in any court, administrative agency, or other tribunal for any purpose whatsoever.  Nothing in this paragraph, however, shall be deemed to preclude the parties from introducing this Order, the Settlement Agreement and/or exhibits, and any other papers and records on file in the Litigation, to enforce the Settlement and/or any orders of this Court, and/or in any other litigation as evidence of the Settlement Agreement by Defendant to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

15.    If the Settlement does not become final and effective in accordance with its terms, this Final Approval Order and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

16.    Without affecting the finality of the Settlement or the dismissal of this action, this Court shall retain exclusive and continuing jurisdiction over the present action and the parties, including all Settlement Class Members, for purposes of enforcing and

interpreting the Settlement Agreement, this Final Approval Order, and the claims process established therein.

17.     The Court hereby enters judgment in this action pursuant to the terms of the Settlement Agreement and dismisses the above-captioned action with prejudice.

IT IS SO ORDERED.

Dated:   May 19, 2014                    _____
                                         SENIOR DISTRICT JUDGE